AO 91
Rev. 11/82

# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>YONGDA HUANG HARRIS | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.<br>12-2337M<br><br>FILED<br>CLERK, U.S. DISTRICT COURT<br>OCT - 8 2012<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY _____ DEPUTY |

Complaint for violation of Title 49, United States Code, Section 46502(a)(1)(B).

| NAME OF MAGISTRATE JUDGE<br><br>PAUL L. ABRAMS | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br><br>Los Angeles, CA |
|---|---|---|
| DATE OF OFFENSE<br><br>October 5, 2012 | PLACE OF OFFENSE<br><br>Kansai, Japan, and Los Angeles, California | ADDRESS OF ACCUSED (IF KNOWN)<br><br>Los Angeles International Airport |

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION:

On or about October 5, 2012, in Kansai, Japan, and in Los Angeles County, within the Central District of California, defendant YONGDA HUANG HARRIS willfully delivered, or caused to be delivered, property containing hazardous material to an air carrier or to an operator of a civil aircraft for transportation in air commerce, or recklessly caused the transportation in air commerce of the property.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
    (See attached affidavit which is incorporated as part of this Complaint)

MATERIAL WITNESSES IN RELATION TO THIS CHARGE: N/A

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br><br>ANNE WALSH  /s/<br><br>OFFICIAL TITLE<br>Special Agent |
|---|---|

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1)<br><br>PAUL L. ABRAMS | DATE<br><br>October 8, 2012 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AUSA Melissa Mills    REC: DETENTION

## AFFIDAVIT

I, Anne Walsh, being duly sworn, hereby depose and state the following:

1. I am a Special Agent of the U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and I have been so employed for over two years. Prior to that, I was a Postal Inspector with the U.S. Postal Inspection Service (USPIS) for over six years. Since December 2010, I have been assigned to the Los Angeles International Airport (LAX) office of HSI, where I investigate violations of Federal law that occur within the port of entry at LAX.

2. This affidavit is in support of a complaint charging Yongda Huang HARRIS, ("HARRIS") with one violation of Title 49, United States Code, Section 46312: Transporting Hazardous Materials, which occurred on or about October 5, 2012 at Kansai, Japan, and at LAX, located in Los Angeles, California.

3. The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from other law enforcement officers and witnesses. This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge or investigation into this matter.

4. Title 49, United States Code, Section 46312 states as follows:

    a. "In General.—A person shall be fined under title 18, imprisoned for not more than 5 years, or both, if the person, in violation of a regulation or requirement related to the transportation of hazardous material prescribed by the Secretary of Transportation under this part or chapter 51—

        (1) willfully delivers, or causes to be delivered, property containing hazardous material to an air carrier or to an operator of a civil aircraft for transportation in air commerce; or

        (2) recklessly causes the transportation in air commerce of the property.

    b. Knowledge of Regulations.—For purposes of subsection (a), knowledge by the person of the existence of a regulation or requirement related to the transportation of hazardous material

prescribed by the Secretary under this part or chapter 51 is not an element of an offense under this section but shall be considered in mitigation of the penalty.

5.  As I explain below, I believe that HARRIS violated 49 U.S.C. § 46312 by willfully or recklessly transporting a smoke grenade in his checked luggage on a flight from Kansai, Japan, via Inchon, Korea, to LAX.

6.  On October 5, 2012, I interviewed Customs and Border Protection (CBP) Officer Kenny Frick at LAX and also reviewed his written statement. Officer Frick stated the following:

   a.  Officer Frick is assigned to LAX, in the Admissibility Review Unit (ARU). On October 5, 2012 he was working in the ARU Secondary I when HARRIS was brought over for a baggage examination. Officer Frick noticed that HARRIS was wearing body armor (including a bulletproof vest, flame-retardant legging covers, and knee pads), underneath a trench coat.

   b.  Officer Frick spoke with HARRIS and asked for his customs declaration. Officer Frick provided HARRIS with an opportunity to amend his declaration prior to officers conducting a baggage exam. HARRIS commented that he had a knife, but did not otherwise seek to amend his declaration. Officer Frick and CBP Officer Brandon Parker conducted a baggage examination of HARRIS's checked baggage, where several weapons and suspicious items were found, to include a pyrotechnic smoke grenade, three sap weapons (lead-filled, leather-coated billy clubs that Officers Frick and Parker understood to be prohibited under California law), a collapsible baton (also understood by Officers Frick and Parker to be prohibited under California law), a full face respirator, various knives, a hatchet, body bags, a tyvex biohazard suit, various masks, duct tape, batteries, oven mitts, cooking tongs, hand cuffs, leg irons, plastic flexi-cuffs, and a device to repel dogs. HARRIS was escorted to a detention cell and patted down.

7. On October 5, 2012, the Los Angeles Police Department (LAPD) Bomb Squad Detective 2 Doug Stice and Police Officer 3 Brendan McCarty examined the smoke grenade and obtained it for further examination. On October 6, 2012, Federal Bureau of Investigation Task Force Officer (TFO) Jacqueline Hickey conducted further examination of the smoke grenade, including an x-ray, and stated the following:

   a. TFO Hickey's examination revealed that the smoke grenade in HARRIS's luggage was classified under the United Nations explosives shipping classification system as "Fireworks UN0336." Pursuant to Title 49, Section 172.101, of the Code of Federal Regulations (CFR), transportation of an item with this United Nations explosives shipping classification is prohibited aboard passenger aircraft.

   b. The smoke grenade is manufactured by a company called Commando. Manufacturers of smoke grenades are required to register their products with the United States Department of Transportation (DOT). Commando has registered 24 smoke grenade products with DOT, all of which bear the DOT hazard classification of "Division 1.4G (explosive)." Pursuant to 49 CFR 172.101, transportation of any item bearing this DOT hazard classification is prohibited aboard passenger aircraft.

   c. When ignited with sufficient airspace surrounding it, the smoke grenade would cover an approximately 40,000 cubic foot area with smoke, sufficient to fill the cabin of a commercial airplane. When ignited without sufficient airspace, the smoke grenade was capable of causing a fire.

   d. The Material Safety Data Sheet (MSDS) states that emissions from the type of smoke grenade that HARRIS transported in his luggage can cause irritation of the respiratory tract and irritation to skin and eyes.

   e. Testing of the smoke grenade to reveal its precise chemical composition is still underway.

8. Based on the foregoing, I believe there is probable cause to believe that on or about October 5, 2012, Yongda Huang HARRIS willfully or recklessly transported hazardous materials, in violation of Title 49, United States Code, Section 46312.

/s/
ANNE WALSH
Special Agent-HSI

Sworn and subscribed to before
me this 4th day of October 2012.

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

4

## FINDING RE PROBABLE CAUSE

On __10/8/12__ [date], at __2:10 pm__ [time], Agent __Anne Walsh__ [name] of the __HSI__ [agency] appeared before me regarding the probable cause arrest of defendant(s) __YONGDA HUANG HARRIS__ [name(s)] occurring on __October 6, 2012, 5:00 p.m.__ [date and time], at __Los Angeles, California__ [city].

Having reviewed the agent's statement of probable cause, a copy of which is attached hereto, the Court finds that there (exists)/~~does not exist~~ probable cause to arrest the defendant(s) for a violation of __Title 49, United States Code, Section 46312__ [statute].

/__X__/ It is ordered that defendant(s) __YONGDA HUANG HARRIS__ [name(s)] be held to answer for proceedings under Federal Rule of Criminal Procedure 5 / 40 on __October 9, 2012__ [date].

/_____/ It is ordered that defendant(s) _____ [name(s)] be discharged from custody on this charge forthwith.

DATED: __10/8/12__, at __2:10__ ~~a.m.~~/(p.m.)

THE HONORABLE PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE